■ SALLY YOELS, Respondent, v. AMERICAN TRUST COMPANY et al., Appellants, et al., Defendants.— Order, Supreme Court, New York County, entered on February 3, 1971, denying defendants-appellants' motion and cross motion for summary judgment, unanimously reversed, on the law, the motion and cross motion for summary judgment granted, the action severed and the complaint dismissed as to defendants American Trust Company and Empire Trust Company. Appellant American Trust Company shall recover of respondent $50 costs and disbursements of this appeal. The papers submitted at Special Term indicate that defendant, American, purchased the securities which plaintiff claims were converted, for value, in good faith, and without notice of any facts which would make the transfer wrongful. Plaintiff failed to come forward with any evidentiary facts to indicate that American had notice that defendant, Nadler, in pledging the securities, was acting without plaintiff's authority. Plaintiff, having delivered to Nadler the securities in question, together with stock powers executed in blank, clothed Nadler with power to transfer title to a good faith purchaser, for value, who was without notice of any infirmity. (See Personal Property Law, §§ 162, 166, 168, which were in effect at the time of the transfer in suit.) Nothing which is contained in this record would place upon American an affirmative duty to inquire as to whether or not Nadler had obtained consent from plaintiff before he pledged the securities. American was not bound, at its peril, "to be upon the alert for circumstances which might possibly excite the suspicions of wary vigilance. [It] does not owe to the party which puts negotiable paper afloat the duty of active inquiry, to avert the imputation of bad faith." *Manufacturers & Traders Trust Co.* v. *Sapowitch,* 296 N. Y. 226, 230.) Special Term's reliance upon rule 8c-1 of the Rules of the Securities and Exchange Commission (Code of Fed. Reg., tit. 17, § 240.8-c-1), which led it to imply a duty of inquiry on American's behalf, was misplaced. That rule pertains to brokers and not to lending institutions, such as appellants. Concur— Capozzoli, J. P., Markewich, Nunez, Murphy and Eager, JJ.